UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RISHARD L.A. EDWARDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17-CV-2781 JMB |
| | ) | |
| CBM MANAGED SERVICES, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Rishard Edwards (registration no. 145280), a pretrial detainee at St. Louis City Justice Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that the plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.00.[1] *See* 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will partially dismiss the complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the complaint.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-

---

[1] Plaintiff has failed to submit his prison account statement with his complaint. Thus, in accordance with *Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997), the Court will order plaintiff to pay an initial partial filing fee of $1.00. If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

As plaintiff has failed to submit a prisoner account statement, the Court will charge an initial partial filing fee of $1.00 at this time. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. ' 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it Alacks an arguable basis in either law or fact.@ *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff=d* 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead Aenough facts to state a claim to relief that is plausible on its face.@ *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## The Complaint

Plaintiff, a pretrial detainee at the St. Louis City Justice Center, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Named as the sole defendant in this action is the food service provider at the Justice Center, CBM Managed Services (a/k/a

"Catering by Marlin's, Inc." or "CBM"). Plaintiff brings his claim against defendant in its individual and official capacities.

Plaintiff claims that CBM has a policy and practice of failing to provide adequate nutrition to the inmates at the St. Louis City Justice Center. Specifically, plaintiff claims that CBM has been depriving the inmates of fruit in their daily meals. Plaintiff seeks compensatory damages and injunctive relief in this action.

**Discussion**

Plaintiff's official capacity claims arise under the Eighth and Fourteenth Amendments as an unconstitutional condition of confinement claim. Prisoners in the past have raised claims related to food deprivation and deficiency under these constitutional rights. *See Rust v. Grammer,* 858 F.2d 411 (8th Cir. 1988); *Phelps v. Kapnolas*, 123 F.3d 91 (2d Cir.1997); *Cooper v. Sheriff, Lubbock County, Texas,* 929 F.2d 1078 (5th Cir.1991); *Freeman v. Trudell,* 497 F.Supp. 481 (E.D.Mich.1980). Thus, the Court will issue process on these claims for relief against defendant in its official capacity.[2]

However, plaintiff's individual capacity claims against CBM are subject to dismissal, as plaintiff cannot bring an individual capacity claim against this quasi-government entity.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. No. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his

---

[2]To the extent plaintiff is seeking relief against CBM pursuant to the Equal Protection Clause of the 14th Amendment against defendant in its official capacity, the Court will issue process on that claim as well.

prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendant CBM Managed Services in its official capacity. The defendant shall be served at its registered agent, C.T. Corporation System, 120 South Central Ave., Clayton, MO 63105.

**IT IS FURTHER ORDERED** that the Clerk shall update the docket to reflect that the defendant is also known as (a/k/a) Catering by Marlin's, Inc.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendant CBM Managed Services shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon plaintiff's individual capacity claims against defendant CBM because as to these individual capacity claims, the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 29th day of November, 2017.

/s/ Jean C. Hamilton  
JEAN C. HAMILTON  
UNITED STATES DISTRICT JUDGE