UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RISHARD L.A. EDWARDS, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:17 CV 2781 JMB |
| CBM MANAGED SERVICES, | ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendant CBM Managed Services' ("CBM") Motion to Dismiss (ECF No. 16). Plaintiff Rishard L.A. Edwards ("Edwards") has not filed a response to the motion to dismiss even though the Court directed Edwards to show cause why CBM's motion should not be granted. (ECF No. 21) Accordingly, the issues are fully briefed. All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

### I. **Factual Background**

On November 27, 2017, Edwards commenced this action by filing a *pro se* Complaint and a motion to proceed *in forma pauperis*. Edwards, a pretrial detainee confined to the St. Louis City Justice Center ("Justice Center"), filed this action, pursuant to 42 U.S.C. § 1983 and the Eighth and Fourteenth Amendments, alleging violations of his civil rights. (ECF No. 1, Complaint) In particular, Edwards alleges that CBM (a/k/a Catering by Marlin's, Inc.), the food service provider that is contracted to provide three meals per day to the inmates at the Justice Center, has

1

a policy and a practice of failing to provide adequate nutrition by depriving the inmates of fruit in their daily meals.[1]  Edwards sues CBM in its official capacity.[2]

Edwards acknowledged that there is a prisoner grievance procedure at the Justice Center, and he "presented this grievance system the facts which are at issue in this complaint."  (Id. at 2)  In explaining what steps he took, Edwards noted that "I've asked for multiple grievance forms and they have failed to give me one."  (Id. at 3)

Edwards filed three putative Informal Resolution Requests ("IRR").  (ECF No. 1, City of St. Louis Department of Public Safety Division of Corrections at 1-3)  On October 17, 2017, Edwards completed a putative IRR, questioning why the inmates are not served fruit.  (Id. at 1)  Edwards indicated that he needed "to file a grievance on CBM because fruit should be part of breakfast, lunch or dinner."  (Id.)  Edwards noted that "My copies look like original because they wont [sic] give us carbon copies so we have to make our own" handwritten on the IRR.  (Id.)  Edwards also filed putative IRRs on July 30 and August 5, 2017.  (Id. at 2-3)  All three putative IRRs have "My Records" handwritten across the top with the notation of "Staff Never Responded" on the signature line for "CSU Staff."  (Id. at 1-3)

---

[1] Edwards alleges that in the ten months he has been a pretrial detainee at the Justice Center, he has never been served "an apple, pear, peaches, orange, or etc. for my health reasons."  (ECF No. 1, Complaint at 5)  In support, Edwards attached the "City of St. Louis – Regular Menu" for the month of September 2016.  (Id. at 4-7)  This menu cannot substantiate his claims inasmuch the September 2016 menu does not fall within the ten-month time period set forth in Edwards' Complaint.  Edwards would have needed to attach a menu dated January 2017 or later to fall within the relevant time period.

[2] In a November 29, 2017, Memorandum and Order, the Court dismissed Edwards' claims against CBM in its individual capacity, finding Edwards "cannot bring an individual capacity claim against this quasi-government entity."  (ECF No. 4 at 3)

CBM moved to dismiss on February 7, 2018. (ECF No. 16) Edwards failed to file his response by the required time. On February 28, 2018, the Court ordered Edwards to show cause why CBM's motion to dismiss should not be granted no later than March 23, 2018. (ECF No. 21) As of this date, Edwards has not responded to this Order or filed any response to CBM's motion to dismiss.

**II. Legal Standard**

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. To survive a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. V. Twombly, 550 U.S. 544, 570 (2007)). The requirement of facial plausibility is satisfied "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. A claim for relief "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008) (quoting Twombly, 550 U.S. at 555 & n.3). This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.

On a motion to dismiss, the Court accepts as true all of the factual allegations contained in the complaint, even if it appears that "actual proof of those facts is improbable," and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. Id. at 555-56; Fed. R. Civ. P. Rule 8(a)(2). The principle that a court must accept as true all of the

allegations contained in a complaint do not apply to legal conclusions. Iqbal, 556 U.S. 678.

**III. Discussion**

CBM argues that Edwards failed to exhaust his administrative remedies and that his claims are therefore barred by the Prison Litigation Reform Act ("PLRA").[3] Under the PLRA, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); Porter v. Nussle, 534 U.S. 516, 524 (2002) (holding that exhaustion is mandatory).

Failure to exhaust remedies under PLRA is an affirmative defense. Jones v. Bock, 549 U.S. 199, 218 (2007). As such, the defendant bears the burden of proving that the prisoner-plaintiff failed to exhaust all available remedies. Foulk v. Charrier, 262 F.3d 687, 697 (8th Cir. 2001).

Prisoners are excused from exhausting administrative remedies "when officials have prevented prisoners from utilizing the procedures, or when officials themselves have failed to comply with the grievance procedures." Gibson v. Weber, 431 F.3d 339, 341 (8th Cir. 2005). This is because "a remedy that prison officials prevent a prisoner form 'utiliz[ing]' is not an 'available' remedy under § 1997e(a)." Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001); see also Foulk, 262 F.3d at 697-98 (defendant did not establish a failure to exhaust where prison officials did not respond to inmate's initial request).

"To properly exhaust administrative remedies prisoners must 'complete the administrative

---

[3] CBM offers other arguments why the Complaint must be dismissed. Because the Court finds that Edwards' claims are barred by the PLRA due to his failure to exhaust his administrative remedies, the Court will not address the other arguments raised in CBM's motion to dismiss.

review process in accordance with the applicable procedural rules.'" Jones, 549 U.S. at 218 (quoting Woodford v. Ngo, 548 U.S. 81, 88 (2006)). The applicable procedural rules are defined not by the PLRA but by the prison grievance process itself. Jones, 549 U.S. at 218. In order for a Missouri prisoner to satisfy the exhaustion requirement, he must avail himself of the administrative grievance process established by the facility. Foulk, 262 F.3d at 694 (8th Cir. 2001); Dashley v. Corr. Med. Servs., 345 F.Supp.2d 1018, 1022-23 (E.D. Mo. 2004). The exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. Porter, 534 U.S. at 532. Exhaustion is required regardless of the relief offered through the administrative process. Booth v. Churner, 532 U.S. 731, 741 (2001).

Edwards claims that the Justice Center personnel prevented him from exhausting his administrative remedies. (ECF No. 1, Complaint at 3 ("I've asked for multiple grievance forms and they have failed to give me one.")). It is well settled that a prisoner's subjective and possibly incorrect understanding of the prison grievance process is irrelevant to a determination of whether there has been proper exhaustion. Lyon v. Vande Krol, 305 F.3d 806, 809 (8th Cir. 2002). Edwards has offered no evidence that "any prison official thwarted an attempt to initiate the procedures or that any official made it impossible for them to file grievances." Gibson v. Weber, 431 F.3d 339, 341 (8th Cir. 2005) (holding that a prisoner's misunderstanding about the prison's grievance procedure did not excuse his failure to exhaust his administrative remedies); see also Smith v. St. Louis City Jails, 2016 WL 319552, at *4 (E.D. Mo. Jan, 27, 2016) (holding that although plaintiff alleged that jail officials prevented him from exhausting his administrative remedies, plaintiff failed to meet his burden of coming forward with any documentary evidence, demonstrating that he made any efforts to comply with the jail's grievance procedures). Like the

plaintiff in Smith, Edwards' "allegations concerning the exhaustion of remedies, and prevention of such exhaustion, are completely self-serving and lacking evidentiary support." Smith, 2016 WL 319552, at *4.

The Justice Center had grievance procedures in place. Edwards has submitted no evidence contradicting CBM's version of events with regard to his failure to exhaust the available remedies. The Court finds that Edwards did not exhaust his administrative remedies as required by the PLRA. 42 U.S.C. § 1997e(a).

## IV. Conclusion

The PLRA requires the dismissal of any of Edwards' claims to which he has not exhausted his available administrative remedies. See Jones, 549 U.S. at 211 ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court.") (internal citation omitted); Gibson, 431 F.3d at 341. Therefore, CBM's motion to dismiss is granted as it seeks dismissal of all claims that were not administratively exhausted.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant CBM Managed Services' Motion to Dismiss (ECF No. 16) is **GRANTED**. Edwards' claims against CBM are **DISMISSED**.[4]

---

[4] In the alternative, the Court finds that this case could also be dismissed without prejudice due to Edwards's failure to pay the initial partial filing fee within thirty days of the November 29, 2017, Memorandum and Order as ordered by the Court. (ECF No. 4 at 3-4) ("**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, then this case will be dismissed without prejudice."). To date, Edwards has not paid the filing fee.

An appropriate judgment will accompany this Memorandum and Order.

Dated this 11th day of May, 2018

/s/ *John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE